IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
(SOUTHERN DIVISION)

| | |
|---|---|
| SANGMAN OH and DONG BUM SONG, | Case No. 09-4127 |
| Plaintiffs, | |
| v. | |
| FLOYD SWIER, LAURA LASZLO and SWIER FAMILY FARMS, L.L.C., | DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES AND COUNTERCLAIM |
| Defendants. | |

Defendants Floyd Swier, Laura Laszlo and Swier Family Farms, L.L.C., state the following for their Answer and Affirmative Defenses to Plaintiffs' Complaint and their Counterclaim against Plaintiffs:

1.

Defendants deny each and every allegation, matter and thing contained in the Complaint except those matters specifically admitted herein.

2.

The Complaint fails to state a claim against Defendants upon which relief can be granted.

3.

Defendants are without information sufficient to admit or deny the allegations of Paragraphs 1, 7, 17, 18, 19, 31, 35, and 38 of the Complaint and remit Plaintiffs to the strict proof thereof.

4.

Defendants admit the allegations of Paragraphs 2, 3, 4, 6, 11, 12, 14, 21, 22, 32, 33, 34, 40, 41, and 46 of the Complaint.

5.

The allegations in Paragraphs 5, 8, 9, state legal conclusions to which no response from Defendants is required. To the extent Defendants are required to admit or deny the allegations in the aforementioned paragraphs, Defendants state that they are without information sufficient to admit or deny such allegations and remit Plaintiffs to the strict proof thereof.

6.

With regard to the allegations of Paragraph 10 of the Complaint, Defendants admit that Floyd Swier and Swier Family Farms, LLC ("SFF") negotiated with Plaintiffs about entering into a partnership to operate a diary farm. Defendants further admit that they were advised by Plaintiffs and Plaintiffs' agents that for immigration purposes, Plaintiffs' investment in the dairy business was required to create or be expected to create within a reasonable time eight full time employee positions.

7.

With regard to the allegations of Paragraph 13 of the Complaint, Defendants admit that pursuant to the Swier Dairy Limited Partnership Agreement of Limited Partnership (hereinafter the "Partnership Agreement"), Plaintiffs are Limited Partners in Swier Dairy LP, and that each owns 30% of the partnership units. Defendants further admit that SFF is the General Partner and owns 40% of the partnership units.

8.

With regard to the allegations of Paragraph 15 of the Complaint, Defendants admit that the partners of Swier Dairy LP contemplated having at least 8 full time employees working in the operation of the dairy farm when it became fully operational, and admit that the business plan prepared by SFF indicates the same; however, Defendants state that pursuant to the Partnership Agreement, the General Partner is to "[u]se its best efforts, upon commencement of full milking operations, to create and maintain a minimum of eight new employees on a full time basis . . . ." *See* Partnership Agreement, Section 9.4(e). Defendants affirmatively state that SFF has used its best efforts to fulfill its duties with respect to the number of employees it has sought to employ.

9

With regard to the allegations of Paragraph 16 of the Complaint, Defendants admit that the Limited Partners have the right to access at reasonable times to the information and materials identified in Section 5.2 of the Partnership Agreement.

10.

With regard to the allegations of Paragraph 20 of the Complaint, Defendants admit that the tax returns speak for themselves. However, Defendants deny that the document attached to the Complaint as Exhibit 2 was provided to the South Dakota Department of Labor by Defendants or anyone on Defendants' behalf.

11.

With regard to the allegations of Paragraph 23 of the Complaint, Defendants admit that Attorney Kim requested certain tax and other information from Swier and that the 2008 Swier Diary LP federal tax return was provided to him; however, Defendants deny the remaining allegations of Paragraph 23.

12.

With regard to the allegations of Paragraph 24 of the Complaint, Defendants admit that the tax returns speak for themselves. However, Defendants deny that the quarterly wage report attached to the Complaint as Exhibit 2 was provided to the South Dakota Department of Labor by Defendants or anyone on Defendants' behalf.

13.

With regard to the allegations of Paragraph 25 of the Complaint, Defendants admit that Attorney Kim visited the Swier Dairy in June of 2009 and that he and Defendants discussed the number of employees in the Dairy operation. The remaining allegations of Paragraph 25 are denied.

14.

With regard to the allegations of Paragraph 26 of the Complaint, Defendants admit that because they were threatened by Attorney Kim, Swier initially did say that the 2008 tax documents would be amended with respect to the number of employees, however, after Attorney Kim left the farm, no amendments were made.

15.

With regard to the allegations of Paragraphs 27 and 28 of the Complaint, Defendants admit that at some point Attorney Kim was advised that he should communicate with Defendant Laszlo, a CPA, regarding the tax issues for SFF and Swier Dairy LP, and that from time to time, but not exclusively, Defendants communicated with Attorney Kim through Attorney Sherri Rotert. The remaining allegations of Paragraphs 27 and 28 are denied.

16.

With regard to the allegations of Paragraph 29 of the Complaint, Defendants admit that Exhibits 3 and 4 to the Complaint speak for themselves; however, Defendants deny that such communications constitute or contain any "demands" upon Plaintiffs.

17.

With regard to the allegations of Paragraph 30 of the Complaint, Defendants lack information sufficient to admit or deny whether "Oh and Song refused" and remit Plaintiffs to the strict proof thereof; further Defendants admit that Defendants proposed, through legal counsel, various amendments to the Partnership Agreement, including that the Limited Partners' partnership shares could be bought by the General Partner upon the occurrence of certain triggering events for fair market value, including consideration of the lack of majority control and lack of marketability.

18.

Defendants specifically deny the legal conclusions stated as allegations in Paragraphs 37, 39, 42, 43, 44, 45, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, and 64.

19.

Defendants specifically deny the nature and extent of Plaintiffs' alleged damages.

20.

With regard to Plaintiffs' claim for exemplary damages, Defendants specifically deny that any acts or omissions by them or attributable to them constitute oppression, fraud, or malice or that there is any other basis for punitive or exemplary damages to be awarded against any Defendant.

21.

As affirmative defenses, Defendants assert that Plaintiffs' claims are barred by the doctrines of waiver, estoppel, and consent.

22.

As an affirmative defense, Defendants assert the Plaintiffs are barred from recovering anything from these Defendants because Plaintiffs knowingly and voluntarily assumed the risk of the damages they have alleged.

23.

Defendants reserve the right to assert additional affirmative defenses as facts are discovered in this matter.

## COUNTERCLAIM

24.

Plaintiffs and Defendant SFF are parties to the Partnership Agreement (attached as Exhibit 1 to Plaintiffs' Complaint), which is a valid and enforceable contract.

25.

Plaintiffs are each Limited Partners of Swier Dairy LP.

26.

In Section 4.5 of the Partnership Agreement, each of the Plaintiffs, as Limited Partners of Swier Dairy LP, agreed that each would keep the terms and conditions of the Partnership Agreement and all matters related to the Limited Partnership in strictest confidence and not disclose any such information to any third parties, except for their attorney or accountants or as required by law.

27.

SFF, the General Partner, relied on Plaintiffs' obligations in Section 4.5 in agreeing to enter into the Partnership Agreement.

28.

After entering into the Partnership Agreement, including Section 4.5, Plaintiffs, either individually or through their agent and representative Attorney Austin Kim, disclosed confidential information about Swier Dairy LP to third parties, including media outlets. The confidential information disclosed by Plaintiffs or their agents included specific financial information regarding the capital contributions of the Limited Partners and the General Partner to Swier Dairy LP, as well as the amount of bank financing obtained by Swier Dairy LP.

29.

In addition to disclosing confidential financial information from Swier Dairy LP to unauthorized third parties, without Defendants' prior knowledge or consent, Plaintiffs caused pictures of Swier Dairy LP and confidential financial information about Swier Dairy LP to be posted on at least one (1) public Internet site.

30.

Neither SFF nor Floyd Swier consented to Plaintiffs' unauthorized disclosure of confidential information or the dissemination of pictures of Swier Dairy LP or its confidential financial information via the Internet.

31.

Plaintiffs are legally responsible for the actions of their agents, including their attorney, Austin Kim.

32.

Plaintiffs' disclosure to third parties of confidential Partnership information constitutes a breach of the Partnership Agreement, which is a breach of the contract between the parties.

33.

As a direct result of Plaintiffs' breach of their confidentiality obligations under Section 4.5 of the Partnership Agreement, Defendants Floyd Swier and SFF have been damaged in an amount to be determined at trial.

**WHEREFORE**, Defendants Floyd Swier, Swier Family Farms, LLC, and Laura Laszlo respectfully request that Plaintiffs' Complaint be dismissed upon its merits, with prejudice, and that Plaintiffs recover nothing thereunder; that the Court enter judgment in favor of Defendants on their Counterclaim in the amount determined by the jury, together with pre-judgment and post-judgment interest thereon; and further, that Defendants recover their costs and disbursements herein, including reasonable legal fees, together with such other and further relief as the Court deems just and equitable.

Dated this 8 day of September, 2009.

CADWELL SANFORD DEIBERT
& GARRY LLP

By: /s/ Stephen C. Landon
Stephen C. Landon
slandon@cadlaw.com
Shawn M. Nichols
snichols@cadlaw.com
200 East 10th St., Suite 200
Sioux Falls, South Dakota 57104
Telephone: (605) 336-0828
Fax: (605) 336-6036
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed Defendants' Answer and Affirmative Defenses and Counterclaim with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

William J. Janklow
William.janklow@janklowlaw.com

Andrew R. Damgaard
Andrew.damgaard@janklowlaw.com

Dated this ___ day of September, 2009.

By: __/s/ Stephen C. Landon__
     Stephen C. Landon

*Electronically Filed*